IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

ROBERT KITCHEN, JR.       )
    Plaintiff,              )
                          )
v.                        )     Civil Action No. TMD 08-3231TMD
                          )
                          )
MICHAEL J. ASTRUE,        )
Commissioner of Social Security, )
                          )
    Defendant.             )

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Robert Kitchen, Jr. ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C.§§ 401-433. Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Pl.'s Mot. Summ., ECF No. 18) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 35). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is Granted.

I. Procedural History

Plaintiff filed his applications for DIB and Supplemental Security Income ("SSI") on

March 27, 2005 alleging disability since October 1, 1998.[1]  R. at 39, 63, 67.  After denials at the initial level, R. at 39, 41, 350-51, the Commissioner determined that Claimant was disabled for purposes of SSI since March 27, 2005, the date of his application.  R. at 8, 355.  However, at reconsideration, he was found not disabled as of December 31, 2003, his DLI for purposes of DIB.  R. at 40.  On May 10, 2007, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a vocational expert ("VE") testified.  R. at 360-400.  Plaintiff was represented by counsel.  In a decision dated August 31, 2007, the ALJ denied Plaintiff's request for benefits.  R. at 25-37.[2]  The Appeals Council granted review of the ALJ's decision, R. at 19, 24, 358-59, and on September 30, 2008, issued its own decision finding that Claimant was not disabled between December 11, 2003 and December 31, 2003, his DLI.  R. at 5-17.  Accordingly, the decision of the Appeals Council is the binding decision and this action is ripe for review.  *See* 20 C.F.R. § 404.1981.

## II.  ALJ's Decision

The Appeals Council evaluated Plaintiff's claims for DIB using the sequential process set forth in 20 C.F.R. §  404.1520.  At the first step, the Appeals Council determined that Claimant had not engaged in substantial gainful activity since his alleged onset date.  At step two, the Appeals Council determined that Claimant suffered from the following severe impairments:

---

[1] At the hearing, Claimant amended his alleged onset date of disability from October 1, 1998 to December 11, 2003. R. at 63, 364-68.

[2] The ALJ erroneously assessed Plaintiff's claim for SSI even though the Commissioner had previously determined that he was entitled to SSI.  Accordingly, the Appeals Council corrected this error by vacating the ALJ's decision with respect to the SSI claim. R. at 20.

2

degenerative disc disease of the cervical and lumbar spine and obesity. At step three, the Appeals Council found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The Appeals Council concluded at step four that Plaintiff was not capable of performing his past relevant work . At step five, the Appeals Council concluded that given his residual functional capacity ("RFC"), there are jobs that exist in significant numbers in the national economy that Claimant could perform. It concluded that Claimant was not disabled. R. at 8-18.

### III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

IV. Discussion

Plaintiff contends that (1) the Appeals Council made internally inconsistent and medically unsupported findings; (2) the Appeals Council improperly gave greater weight to non-examining physicians over Claimant's treating neurologist; and (3) the Agency's initial and reconsideration notices were internally inconsistent and misleading. For the reasons discussed below, the Court finds Plaintiff's arguments to be without merit.

A.     Findings of the Appeals Council

Plaintiff erroneously argues that there is no support for the findings of the Appeals Council. In fact, despite the fact that the relevant time period spanned from only December 11, 2003 through December 31, 2003, the Appeals Council nonetheless reviewed the "entire longitudinal record" in making its decision which included evidence which far pre-dated and far post-dated the relevant time period. The Appeals Council reviewed the medical evidence in the record including the findings of Dr. MaGee, De. Selya, Dr. MacDonald, Dr. Powell-Stoddart, Dr. Ahn, Dr. Matthews, and Dr. Hakkarinen. R. at 9-14.

Claimant specifically argues that "there is no medical support for the effects of obesity upon [Claimant's] impairments acknowledged by the AC." Pl. Mot., 5  He also speculates that the Appeals Council may not have even reviewed the records of Plaintiff's treating neurologist, Dr. Matthews, who indicated Claimant "weighed 249 pounds on July 16, 2003 . . ." Pl. Mot., 5 *citing* R. at 296.  However, Dr. Matthews did not begin treatment of Claimant until September, 2004, R. at 11, 282; and the evidence cited by Claimant is actually contained in notes of Carefirst Bowie Crofton Family Practice Center. R. at 3, 296. The Appeals Council specifically

4

reviewed these notes, R. at 10, and although it did not specifically mention the July 16, 2003 recorded weight, it correctly noted that Claimant's weight had increased over time. Its failure to specifically mention the recorded weight, in light of the following discussion, is harmless.

The Appeals Council found Claimant's obesity to constitute a severe impairment at step two of the sequential evaluation. R. at 9. Indeed, it specifically found that the ALJ had erred by failing to discuss or evaluate Claimant's obesity. R. at 12. The Appeals Council noted Claimant's weight of 240 pounds and height of 70 inches on August 29, 2002 resulting in a BMI of 34.44. R. at 332. The Appeals Council correctly noted that the record did not contain a recorded weight for Claimant during the relevant time period between December 11, 2003 and December 31, 2003. However, it found that Claimant's weight increased to 280 pounds by April, 2006. R. at 254. Moreover, substantial evidence supports the findings of the Appeals Council with respect to the effects of Plaintiff's obesity. First, as the Appeals Council pointed out, Claimant did not allege disability based on obesity nor did he identify any specific obesity-related limitations. R. at 12. Even now, Plaintiff makes only general arguments but does not assert, with any specificity, how Plaintiff's weight affected him during the few weeks in December, 2003 under consideration. Significantly, in September, 2003, just a few months before the period in question, an orthopedic examination revealed that Claimant, in fact, walked with a normal gait and that his bilateral lower extremity exam revealed normal range of motion. R. at 10, 130. The findings of the Appeals Council regarding Claimant's obesity are supported by substantial evidence.

  B. <u>Opinion of Dr. Matthews</u>

Plaintiff appears to argue that the Appeals Council should have obtained a Physical Residual Functional Assessment from Plaintiff's treating physician, Dr. Matthews. At the same time, he complains that the Appeals Council gave "controlling" weight to the opinion of Dr. Ahn, a non-examining medical consultant. In actuality, the Appeals Council gave the opinion of Dr. Ahn (as well as that of non-examining consultant on reconsideration, Dr. Hakkarinen) "significant" weight because it was consistent with the evidence in the record. It gave Dr. Ahn's opinion somewhat more weight with respect to the additional postural limitations she included in her opinion regarding light work. On November 2, 2005, Dr. Ahn noted that Claimant was capable of a light RFC as of his DLI of December 31, 2003. R. at 39, 190-98.[3] On reconsideration, Dr. Hakkarinen also opined Claimant was capable of light work as of his DLI specifically noting his normal gait in May, 2002 . R. at 40, 272-80.

With respect to Dr. Matthews, the Agency requested that he provide all records from 1998 to present including all labs, imaging and diagnostic testing. R. at 282. Dr. Matthews indicated that he first saw Claimant from September 7, 2004 through April 4, 2006. He provided 6 pages of handwritten notes from the visits during that time. R. at 284-89. Dr. Matthews also completed a Medical Assessment of Ability to do Work Related Activities (Physical), R. at 290-92, and Memo Regarding Onset of Disability of Patient both dated August, 2006 in which he expressed that Claimant's condition including chronic pain cervical, lumbar,

---

[3] She also noted that Claimant was not disabled for purposes of SSI because she opined his "septic knee should improve with treatment." R. at 195.

knees, degenerative disc disease cervical, lumbar spinal stenosis have been present since February 27, 2002. R. at 293. The Appeals Council reviewed the opinions of Dr. Matthews in detail. It properly questioned the reliability of the opined onset date in 2002 given that Claimant himself amended his onset date to December, 2003. R. at 13. The Appeals Council also noted that Dr. Matthews did not even see Claimant until 9 months after the relevant time period and that his treatment of Claimant's knee problems did not begin until even later. *Id*. In addition, the Appeals Council noted that the restrictions placed on Claimant by Dr. Matthews appeared inconsistent with references to work activity. *See, e.g.,* R. at 284 (referencing work), R. at 289 ("trying to work); *See also* R. at 253 (report indicating Claimant "worked in construction and did work until March of [2005]"). The Court finds that the decision of the Appeals Council to lend the 2006 opinion of Dr. Matthews little weight (if any) is supported by substantial evidence.[4] The Appeals Council noted that the findings of physicians, Dr. MaGee and Dr. Selya who examined and treated Claimant most contemporaneous to his DLI support the Appeals Council's RFC. R. at 13, 130 (Dr. Selya's orthopedic evaluation dated September 4, 2003 indicating "the patient walks with a normal gait"; "[b]ilateral lower extremity exam show[ed] normal range of motion"; "degenerative lumbar spinal disease in clinical remission"); R. at 129 (Dr. Selya orthopedic evaluation dated May 20, 2004 indicating stable condition without signs of deterioration).

---

[4] It is undisputed that Plaintiff's condition deteriorated significantly in 2005. *See* ECF No. 35 at 7-8 (discussing Claimant's admission to hospital for knee pain and subsequent surgery on both knees); *see also* R. at 12, 252-57 (consultaative examination of Dr. Powell-Stoddart noted decreased motion of knees, chronic low back pain secondary to disc disease, cervical spondylosis, bilateral severe knee osteoarthritis, degenerative joint disease of both knees, chronic cellulitis, and morbid obesity).

C. <u>Agency Notices</u>

The Court has reviewed Plaintiff's arguments regarding notices the Agency sent out regarding the fact that he was found not disabled at the initial stage of the disability determination process. R. at 39, 41. The Court agrees with the Commissioner that the sole issue before this Court is whether the decision of the Appeals Council is supported by substantial evidence. The Plaintiff's argument regarding alleged inconsistencies in notices made in earlier stages of the disability process is rejected.

V. <u>Conclusion</u>

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.

Date: November 18, 2010  _____/s/_____
THOMAS M. DIGIROLAMO
United States Magistrate Judge

Copies to:
Paul Schlitz, Jr.
Jenkins, Block & Associates
The Symphony Center
1040 Park Avenue
Suite 206
Baltimore, MD 21201

Allen F. Loucks
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692